UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

TERENCE SUDLER,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------x

08 Civ. 11389 (GEL)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/09

Jeffrey A. Rothman, Esq., New York, NY, for plaintiff.

Michael A. Cardozo, Corporation Counsel of the City of New York (Thaddeus Hackworth, Assistant Corporation Counsel, of Counsel), for the City Defendants.

GERARD E. LYNCH, District Judge:

    Terence Sudler brings this action against the City of New York and various New York State and City officials, complaining that he was unconstitutionally imprisoned in violation of the Fourth Amendment by being held in prison beyond the expiration of his lawful sentence. The City Defendants[1] move to dismiss the complaint as to them, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion will be granted.

    While on parole pursuant to sentences for robbery and sale of narcotics, Sudler was arrested and charged with new crimes of larceny. Sudler pled guilty to a parole violation on

---

[1] The City Defendants include the City of New York, Commissioner Martin Horn, Chief Jorge Ocasio, Chief Valerie Oliver, Warden Brian Riordan, Warden Frank Squillante and Captain Deborah Garvin. All other defendants will be referred to collectively as the "State Defendants."

June 23, 2005, and was sentenced to seven months and two days of further incarceration. Shortly thereafter, on July 13, 2005, he also pled guilty to two misdemeanor larceny counts, and was sentenced to nine months of imprisonment on each count, the sentences to run concurrently with each other and with the parole violation sentence. Sudler contends that the New York State Department of Correctional Services ("State DOCS") and/or the New York State Division of Parole ("State DOP") unlawfully "administratively altered" the concurrent nature of his sentences, in light of N.Y. Penal Law § 70.40(3)(c)(iii), which provides that where a parolee is detained by an entity other than State DOCS in connection with an arrest leading to an adjudication of a parole violation, and he is convicted of separate criminal charges as a result of that arrest, the time spent in the custody of the other entity shall be credited against the term of the parolee's interrupted State DOCS sentence only to the extent that the time spent in custody exceeds the period of imprisonment imposed due to the conviction. (Compl. ¶ 22.) In effect, Sudler alleges, the State has a policy and practice of disregarding judges' orders making sentences concurrent with time to be served on parole violations. (Id. ¶ 41.)

According to the complaint (the allegations of which must be taken as true for purposes of this motion), Sudler was released from the custody of the New York City Department of Corrections on December 21, 2005, on completion of his misdemeanor sentences. (Id. ¶¶ 20, 28.) He was then transferred to the custody of State DOCS. Sudler claims that, if the terms of his concurrent sentence had been honored, he "should have been released from custody in January of 2006." (Id. ¶ 19.) Instead, pursuant to the alleged policy of State DOCS and DOP, his misdemeanor and parole violation sentences were effectively treated as consecutive, and Sudler was not released until July 10, 2006. (Id. ¶ 27.)

The City Defendants move to dismiss on statute of limitations grounds, arguing that the lawsuit, filed on December 31, 2008, was brought after expiration of the applicable three-year statute of limitations, since Sudler was released from the City's custody on December 21, 2005, and further arguing that the complaint demonstrates that Sudler was aware of the policy and practice of which he complains no later than December 29 of that year.[2] Sudler responds by citing the well-established principle that the statute of limitations for claims of unlawful imprisonment does not begin to run until the plaintiff is released from prison. Wallace v. Kato, 549 U.S. 384, 389 (2007).

Sudler is correct that to the extent that the City Defendants are responsible for his allegedly unlawful continued imprisonment, the statute of limitations for such conduct runs from the time of his release. However, his complaint does not adequately state a claim for unlawful imprisonment against the City Defendants. As noted, the complaint alleges that Sudler was properly released from City custody on December 21, 2005, upon the expiration of his misdemeanor sentences. The City Defendants thus did not hold him a single day beyond the legal term of his sentence. Nor can the City Defendants be taxed for transferring Sudler to State DOCS rather than releasing him outright – Sudler admits that on his own calculation he still owed time on his parole violation upon the expiration of his misdemeanor sentences, and should not have been released from imprisonment on the parole violation until some time in January 2006. (Compl. ¶ 19.) Accordingly, the City Defendants did not violate Sudler's rights, or

---

[2] The City Defendants' argument is based on Sudler's allegation that he received form the State DOP a memorandum, dated December 29, 2005, *responding* to a complaint he made, prior to that date, about the manner in which the expiration date of his sentence was being calculated (Compl. ¶ 35); the City Defendants conclude that Sudler must therefore already have been aware of the policy before that date. Given the disposition of this motion, it is unnecessary to address the merits of this contention.

illegally detain him, in any way.

To the extent that Sudler regards the City Defendants as somehow complicit in his excessive detention by the State, the complaint sets forth no facts rendering such a claim "plausible," as required to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The only concrete allegation against the City Defendants is that they "did not transmit Plaintiff's Sentence and Commitment form to DOCS when Plaintiff was transferred into [State] custody." (Compl. ¶ 31.) But Sudler does not contend that he was held beyond his allegedly correct release date because the State was unaware of the nature of the concurrent sentence he received, as a result of negligent or malicious conduct of the City Defendants in failing to provide the paperwork. Rather, he explicitly charges that the State was fully aware of the concurrent nature of his sentence, and detained him pursuant to a deliberate policy and practice of disregarding the terms of such concurrent sentences. (Id. ¶ 41, 43.) As the officials having custody of Sudler, the defendants associated with State DOCS had the responsibility for determining the legal basis for that custody.[3] These defendants thus had the obligation, and certainly had the ability, to obtain copies of the judgments authorizing Sudler's imprisonment, and to determine the legality of his commitment. As Sudler alleges, the State Defendants "did not attempt to procure [his] Sentence and Commitment form, even after [he] told them explicitly that he had been sentenced to concurrent sentences" (id. ¶ 34), because, under their alleged policy and practice, the concurrent nature of the sentence was irrelevant to them. If the City Defendants had sent the paperwork, the State Defendants would have behaved no differently.

---

[3] Sudler recognizes, and indeed affirmatively alleges, the "ultimate[] responsib[ility]" of State DOCS officials making the "proper calculation of the time to be served by inmates" in their facilities. (Id. ¶ 39.)

4

Sudler makes two other, less concrete, allegations regarding the City Defendants. First, he alleges that, "[o]n information and belief, [the City Department of Corrections] also administratively adhered to a policy of disregarding the terms of concurrent sentences for inmates similarly situated to the Plaintiff." (Compl. ¶ 23; see also id. ¶¶ 51, 52.) Assuming (as the Court must for purposes of this motion) that this is true, it is irrelevant to Sudler's situation. However the City Defendants calculate credit for time served, and whether or not they disregard judgments imposing concurrent sentences because of their interpretation of N.Y. Penal Law § 70.40(3)(c)(iii), their policies in that regard had no effect on Sudler, who was properly released from City custody and properly transferred to State DOCS upon completion of his misdemeanor sentences. The City Defendants would have done nothing differently in his case had they adopted Sudler's view of the law.

Second, Sudler claims that the City Defendants are liable for the actions of the State Defendants because the two sets of defendants conspired with each other to unjustifiably prolong plaintiff's imprisonment. The complaint's entirely conclusory allegations of any such conspiracy, however, amount to nothing more than bald allegations that all defendants "conspired among themselves" (see Compl. ¶¶ 43, 46), which do not suffice under Twombly. That the City and State may have adopted similar interpretations of state law does not make them co-conspirators, or involve the City Defendants in any way in the alleged illegal extension of Sudler's term of imprisonment by the State. The Complaint contains nothing indicating that any of the City Defendants, or any policy of the City of New York, had any effect whatsoever on whether the State released Sudler from its exclusive custody in January 2006 (as Sudler claims it should have) or in July 2006 (as it in fact did).

Accordingly, Sudler has failed to state a claim on which relief can be granted against the City Defendants. The complaint is therefore dismissed as against the City of New York, Commissioner Martin Horn, Chief Jorge Ocasio, Chief Valerie Oliver, Warden Brian Riordan, Warden Frank Squillante and Captain Deborah Garvin. Needless to say, the Court expresses no view on the substantive merits of Sudler's claims against the State Defendants, who have filed their own motion to dismiss which is not yet fully briefed.

SO ORDERED:

Dated: New York, New York
       July 31, 2009

*(signature)*

GERARD E. LYNCH
United States District Judge