[NOT FOR PUBLICATION ON WESTLAW, ETC.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/18/10

TERENCE SUDLER,               :

        Plaintiff,   :

        -against-   :   08 Civ. 11389 (GBD) (AJP)

GLENN S. GOORD, et al.,       :

        Defendants.  :

------------------------------------x

TIMOTHY BATTHANY,             :

        Plaintiff,   :

        -against-   :   09 Civ. 6510 (GBD) (AJP)

MARTIN F. HORN, et al.,       :

        Defendants.  :   **REPORT AND RECOMMENDATION**

------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

To the Honorable George B. Daniels, United States District Judge:

For the reasons stated in this Court's prior Report and Recommendation, Judge Daniels' prior Order, and for the reasons stated at the last conference, the State Defendants' motions for judgment on the pleadings (08 Civ. 11389, Dkt. No. 55; 09 Civ. 6510, Dkt. No. 57) should be DENIED.

C:\OPIN\

The Court adds a few additional comments:

The Court cannot determine if any defendant is entitled to qualified immunity without a better idea of the State's position and policy. Further, because the amended complaint raises class action allegations, defendants' argument – that defendants took actions as to these two plaintiffs before the law was clearly established – is not controlling, since defendants also are alleged to have taken similar action recently against other class members. Moreover, while the Supreme Court no longer requires the Court first to determine whether Constitutional rights have been violated, the Court may do so, and discovery is needed for that purpose.

Defendants' argument that claims for injunctive or declaratory relief are moot because Betthany and Sudler have been released from incarceration, would prevent this issue from ever being resolved – the issue involves short periods of additional confinement. Defendants also ignore that the amended complaint is brought as a class action, and while it may be necessary to add additional named class representatives, the class issues are not now before the Court.

Accordingly, defendants' motions (08 Civ. 11389, Dkt. No. 55; 09 Civ. 6510, Dkt. No. 57) should be DENIED.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to my chambers, 500 Pearl Street, Room 1370.

C:\OPIN\

Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:    New York, New York
         March 18, 2010

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies **by fax & ECF** to:   Jeffrey A. Rothman, Esq.
                              Andrew Meier, Esq.
                              Thaddeus J. Hackworth, Esq.
                              Judge George B. Daniels